[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15884
Non-Argument Calendar
_____

OWCP-0:11-0130

IVAN RAMOS,

Petitioner,

versus

DIRECTOR, OWCP,
CONTAINER MAINTENANCE OF FLORIDA,
SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

_____

Appeal from the Office of Workers Compensation Programs
_____
(August 10, 2012)

Before CARNES, WILSON, and COX, Circuit Judges.

PER CURIAM:

Container Maintenance of Florida repairs and stores containers used to transport cargo through ports in Jacksonville, Florida.  The company has four

facilities in the Jacksonville area. One of its facilities is located on Alta Drive about three miles from the deep water port on Blount Island. Ivan Ramos worked at the Alta Drive location as a dual mechanic. He suffered injuries while performing an inspection on one of the containers located at the Alta Drive facility.

Ramos filed a claim for compensation for his injuries under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. Container Maintenance controverted the claim and the case was heard before an Administrative Law Judge ("ALJ"). The ALJ decided that Ramos was a maritime employee and that he was injured on a covered maritime situs. After the ALJ entered a compensation order, Container Maintenance appealed to the Benefits Review Board (the "Board"). The Board reversed the ALJ's award of benefits, concluding that Ramos's injury did not occur on a situs covered by the LHWCA. Ramos then filed a petition for review of the Board's order in this court. The only issue before the court is whether the place where Ramos's injury occurred, the Alta Drive facility, is a covered situs under the LHWCA, 33 U.S.C. § 903(a).

"We review the Board's decisions to determine whether the Board has adhered to its statutory standard of review and whether it has erred in interpreting the law." *Bianco v. Ga. Pac. Corp.*, 304 F.3d 1053, 1056 (11th Cir. 2002) (quoting *Ala. Dry Dock & Shipbuilding Corp. v. Sowell*, 933 F.2d 1561, 1563 (11th Cir. 1991),

*abrogated on other grounds by Bath Iron Works Corp. v. Dir., Office of Workers'*

*Comp. Programs*, 506 U.S. 153, 113 S. Ct. 692 (1993)). "[We] will not set aside the

ALJ's findings of fact, including its situs determination, if substantial evidence

supports them." *Id.* at 1057 (quoting *Brooker v. Durocher Dock & Dredge*, 133 F.3d

1390, 1392 (11th Cir. 1998)).

To receive compensation under the LHWCA, the claimant must satisfy multiple

requirements. Only one of these requirements, the so-called "situs" test, is at issue

on appeal. This test requires that the claimant's injury occur "upon the navigable

waters of the United States (including any adjoining pier, wharf, dry dock, terminal,

building way, marine railway, or other adjoining area customarily used by an

employer in loading, unloading, repairing, dismantling, or building a vessel)."

*Brooker*, 133 F.3d at 1392 (quoting 33 U.S.C. § 903(a)). More specifically, the

parties dispute whether Container Maintenance's Alta Drive facility is an "adjoining

area" covered by the LHWCA.

To decide whether the Alta Drive facility is an adjoining area, both the Board

and the ALJ evaluated whether the facility had a geographic nexus with navigable

waters and a functional nexus with maritime activities. When considering the

geographic nexus, the ALJ concluded that while the businesses surrounding the Alta

Drive facility did not engage in maritime operations, the facility's 3.2 mile distance

3

to the Blount Island port was as close as feasible.  Upon its review, the Board held that the fact the facility was as close as feasible to the Blount Island port was insufficient standing alone to satisfy the geographic nexus requirement.  Therefore, the Board reversed the ALJ's award of benefits.

Analyzing the situs requirement of the LHWCA, the former Fifth Circuit rejected the argument that a site must actually adjoin navigable waters of the United States to be covered by the LHWCA.  Instead, the court said that "[s]o long as the site is close to or in the vicinity of navigable waters, or in a neighboring area, an employee's injury can come within the [LHWCA]."  *Texports Stevedore Co. v. Winchester*, 632 F.2d 504, 514 (5th Cir. 1980) (en banc).[1]  Thus, while a location need not adjoin navigable waters to meet the situs test, there must be a geographic connection to navigable waters.  And we agree with the Board that substantial evidence does not support finding that the Alta Drive facility satisfies this geographic nexus requirement.  As the Board explained, the Alta Drive facility "is not adjacent to or in the vicinity of navigable water; its location was chosen based on general business factors; the Blount Island facility is three miles away; properties closer to Blount Island were rejected as unsuitable for employer's purposes; and the businesses

---

[1]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), this court adopted as binding precedent all decisions of the Fifth Circuit handed down before the close of business on September 30, 1981.

4

surrounding the [facility] are not maritime." *Ramos v. Container Maint. of Fla.*, 45 Ben. Rev. Bd. Serv. (MB) 61 (2011).  Because substantial evidence does not support finding that the Alta Drive facility was in the vicinity of navigable waters, or in a neighboring area, the ALJ erred by finding that the facility was a covered situs at the time of Ramos's injury.[2]  Therefore, Ramos does not qualify for benefits under the LHWCA.

PETITION DENIED.

---

[2]  The Board also concluded that the ALJ erred by applying the presumption of coverage under the LHWCA in this case.  Petitioner argues that the Board should have applied this presumption when considering the functional nexus between the Alta Drive facility and maritime activities.  But, like the Board, we find it unnecessary to consider the facility's functional nexus. Ramos makes no argument that application of the presumption would alter the Board's analysis of the geographic nexus of the facility to navigable waters.